**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| In re: | Case No. BK-S-10-29932-MKN |
| CAREFREE WILLOWS LLC, a Nevada limited liability company, | Chapter 11 |
| Debtor. | USDC Appeal No. 2:14-cv-1322-APG |
| | Appeal Reference No. 14-48 |
| CAREFREE WILLOWS LLC, a Nevada limited liability company, | **ORDER DENYING MOTION FOR LEAVE TO APPEAL INTERLOCUTORY ORDER, AND REMANDING CASE TO BANKRUPTCY COURT** |
| Appellant, | |
| vs. | (Dkt. #3) |
| AG/ICC WILLOWS LOAN OWNER, LLC; and UNITED STATES TRUSTEE, LAS VEGAS, | |
| Appellees. | |

Debtor Carefree Willows LLC ("Debtor") has filed this appeal from the Bankruptcy Court's Order Staying Proceedings (the "Stay Order") entered on July 18, 2014. Because that Stay Order was an interlocutory order, Debtor must obtain leave to file this appeal. 28 U.S.C. § 158(a).

> While district courts have discretionary authority to hear interlocutory appeals, review of interlocutory orders is generally disfavored. *See In re Fones4all Corporation*, No. CV–01443 JHN, 2010 WL 1172246, at * 1 (C.D. Cal. Mar. 23, 2010). Specifically, the Ninth Circuit has explained that courts should not grant leave to appeal from an interlocutory order of a bankruptcy judge unless the following requirements are met: "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982).

*In re Thinkfilm, LLC*, 2013 WL 654010, at *1 (C.D. Cal. Feb. 21, 2013). Courts also "look to the [similar] standards set forth in 28 U.S.C. § 1292, which governs interlocutory appeals from the district courts to the circuit courts." *Greenspan v. Orrick, Herrington & Sutcliffe LLP*, 2010 WL

1   3448240, at *1 (N.D. Cal. Sept. 1, 2010).  "[I]nterlocutory appeals are intended to be rare and
2   used only in 'exceptional circumstances' . . . ." *Id*. (quoting *In re Cement Antitrust Litig.,* 673
3   F.2d at 1026).

4      In the present case, there is no "controlling question of law" to justify this interlocutory
5   appeal.  The Stay Order was based, apparently in large part, upon the Bankruptcy Court's finding
6   that some of the Debtor's "actions were not taken in good faith and evince [an] ulterior
7   motive . . . ." (Dkt. #3 at 25:16-20.)  Such determinations of fact—regarding a lack of good
8   faith—are inappropriate for interlocutory appeal. *Moore v. Deutsche Bank Nat'l Trust Co*., 2011
9   WL 5593185, at *3 (D. Haw. Nov. 17, 2011) (citations omitted).  Moreover, contrary to the
10  Debtor's argument, the Bankruptcy Court had both statutory and inherent authority to enter the
11  Stay Order.  "[T]he power to stay proceedings is incidental to the power inherent in every court to
12  control the disposition of the causes on its docket with economy of time and effort for itself, for
13  counsel and for litigants." *In re Bellucci*, 119 B.R. 763, 770 (Bankr. E.D. Cal. 1990) (quoting
14  *Landis v. N. Am. Co.*, 299 U.S. 248 (1936)).

15     Second, as the Debtor admitted at oral argument, the goal of its appeal is for me to order
16  the Bankruptcy Court to vacate its stay and to immediately consider the Debtor's Fifth Amended
17  Chapter 11 plan.  The Stay Order does not state that the Bankruptcy Court will not consider the
18  Fifth Amended Plan.  Rather, the order simply stays the proceedings regarding that plan until
19  further order of the Bankruptcy Court.  The Bankruptcy Court has not refused to consider that
20  plan, it has merely delayed the decision.  I am loathe to interfere with the Bankruptcy Court's
21  discretion to schedule and organize its docket.

22     Finally, it is not clear that an immediate appeal of the Stay Order will materially advance
23  the ultimate termination of the litigation. *In re Cement Antitrust Litig.*, 673 F.2d at 1026.  My
24  court docket is very busy, and there is no likelihood (let alone anything close to a guarantee) that
25  this appeal will be resolved more quickly than the Bankruptcy Court will process the underlying
26  litigation.  While the Debtor has requested that I expedite the review of this appeal, most other

27
28

litigants before me likewise want expedited resolution of their disputes. The lack of swift progress of this appeal so far is a fair indication that this appeal will not proceed quickly.

Based upon the foregoing, there are insufficient reasons to grant Debtor leave to appeal the interlocutory Stay Order. Accordingly,

IT IS HEREBY ORDERED that Debtor's motion for leave to appeal is DENIED. This matter is hereby REMANDED to the Bankruptcy Court.

DATED THIS 22nd day of October, 2014.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE